

CONN/NHCt
02-cr-366
Droney

06-0216-cr(L)
USA v. Gonzalez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of April, two thousand and eight.

PRESENT:

    HON. JOSEPH M. McLAUGHLIN,
    HON. CHESTER J. STRAUB,
    HON. ROSEMARY S. POOLER,
        *Circuit Judges.*



UNITED STATES COURT OF APPEALS
FILED
APR 0 7 2008
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

---

United States of America,

    *Appellee,*

        v.                          Nos. 06-0216-cr(L), 06-1899-cr(CON)

Oscar Gonzalez, Hugo Jorge,

    *Defendants,*

Jesus Contreras, Adolfo Paulino,

    *Defendants-Appellants.*

---

FRANCIS L. O'REILLY, O'Reilly and Shaw, Fairfield, CT, *for Defendant-Appellant Jesus Contreras.*

1

THOMAS P. BELSKY, Assistant Federal Defender (Terence S. Ward, Assistant Federal Defender; Thomas G. Dennis, Federal Defender, *on the brief*), New Haven, CT, *for Defendant-Appellant Adolfo Paulino.*

TRACY LEE DAYTON, Assistant United States Attorney (James K. Filan, Jr., Sandra S. Glover, Assistant United States Attorneys, *of counsel*; Kevin J. O'Connor, United States Attorney for the District of Connecticut, *on the brief*), Bridgeport, CT, *for Appellee.*

---

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are AFFIRMED.

---

Defendants-Appellants appeal from judgments of conviction in the District Court of Connecticut (Christopher F. Droney, *Judge*). Defendant-Appellant Jesus Contreras was convicted after a jury trial of one count of conspiracy to distribute and possess with intent to distribute cocaine and one count of distribution of and possession with intent to distribute cocaine. The jury further found that the government had not proved beyond a reasonable doubt that the quantity of cocaine involved in either count was five kilograms or more. During jury selection, a prospective juror made a potentially prejudicial comment within the hearing of a number of other members of the venire. After jury selection but before the jurors were sworn, a juror informed the District Court of this comment. The District Court conducted an investigation, questioning some of the selected jurors individually and all of them as a group, and ultimately excused two jurors but denied Contreras's motion to dismiss all jurors and choose a new jury from a new venire. By an amended judgment entered on July 7, 2006, the District Court sentenced Contreras principally to 78 months' incarceration. In calculating the Guidelines range, the District Court found, by a preponderance of the evidence, that Contreras's conduct involved 120 kilograms of cocaine. Contreras argues that the District Court abused its discretion by dismissing only two jurors. Contreras further argues that the District Court erred in imposing a sentence based on a drug quantity not found by the jury.

Defendant-Appellant Adolfo Paulino entered a guilty plea on one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and one count of possessing with intent to distribute cocaine. By a judgment entered April 20, 2006, the

2

District Court sentenced Paulino principally to 108 months' incarceration. Paulino argues that the District Court erred in refusing to award him a mitigating role reduction. He further argues that his sentence was substantively unreasonable. We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

## I. Jesus Contreras

Contreras contends that the District Court erred by (1) dismissing only two jurors and (2) imposing a sentence based on a drug quantity judicially determined by a preponderance of the evidence. We reject both arguments.

### A. Dismissal of Jurors

"District courts, of necessity, have both broad discretion and a duty to ensure that the jury ultimately impaneled is unbiased. The determination of whether a juror can serve impartially will not be disturbed absent a clear abuse of discretion." *United States v. Perez*, 387 F.3d 201, 204 (2d Cir. 2004); *see also United States v. Ploof*, 464 F.2d 116, 118 n.4 (2d Cir.) ("There are few aspects of a jury trial where we would be less inclined to disturb a trial judge's exercise of discretion, absent clear abuse, than in ruling on challenges for cause in the empanelling of a jury."), *cert. denied sub nom. Godin v. United States*, 409 U.S. 952 (1972). We find none in this case.

The District Court questioned the juror who had informed the court of the comment and excused her. The District Court then individually questioned two more jurors based on evidence that they had heard the comment. Both of these jurors professed to be willing and able to serve impartially. Based on inconsistencies between these two jurors' accounts, however, the District Court dismissed one of them but retained the other, convinced by her demeanor and responses that she would disregard the comment and perform her obligations appropriately. The District Court then asked the selected jurors as a group if anyone had heard anything. After a juror indicated that she had, the District Court individually questioned this juror and determined, again based on her demeanor and responses, that she would disregard the comment and perform her

obligations appropriately.  The District Court further concluded "that the remaining jurors have not heard or been affected by the statements and will discharge their duties appropriately."

Upon a thorough investigation,[1] the District Court determined that two jurors who had been exposed to the comment must be dismissed, that two others could nonetheless serve impartially, and that no other jurors had been exposed.  The District Court did not exceed its allowable discretion in so finding.  *See United States v. Garcia*, 936 F.2d 648, 653 (2d Cir.) (holding that "district court did not abuse its broad discretion by refusing to excuse the challenged jurors for cause" after jurors affirmed their impartiality and judge favorably evaluated their demeanor), *cert. denied sub nom. Cabrera v. United States*, 502 U.S. 986 (1991); *cf. United States v. Lord*, 565 F.2d 831, 836 (2d Cir. 1977) (holding that prosecutor's inflammatory comment during jury selection warranted "a new, uncontaminated panel" or an evidentiary hearing to determine if subject of comment would be admissible at trial).  We see no error in the court's finding no bias here.  *See United States v. Greer*, 285 F.3d 158, 171-72 (2d Cir. 2002).

*B.  Acquitted Conduct*

Contreras contends that it was improper for the District Court to sentence him based on a drug quantity rejected by the jury but judicially determined by a preponderance of the evidence. This argument is unavailing.  We have specifically held that

> district courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct, as long as the judge does not impose (1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence under [21 U.S.C.] § 841(b) not authorized by the verdict.

*United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir. 2005), *cert. denied sub nom. Lindo v. United States*, 547 U.S. 1060 (2006); *see also United States v. Johnson*, 507 F.3d 793, 797-99 (2d Cir. 2007), *cert. denied sub nom. Freeman v. United States*, 2008 WL 436973 (Mar. 31, 2008); *United States v. Florez*, 447 F.3d 145, 156-57 (2d Cir.), *cert. denied*, 127 S. Ct. 600

---

1 Contreras does not challenge the District Court's handling of the matter.

4

(2006). We further stated that "district courts should consider the jury's acquittal when assessing the weight and quality of the evidence presented by the prosecution and determining a reasonable sentence." *Vaughn*, 430 F.3d at 527.

The District Court fully complied with these requirements. The District Court did not believe the Guidelines were mandatory. The sentence imposed did not exceed the statutory maximum authorized by the jury verdict. *See* 21 U.S.C. § 841(b)(1)(C). Nor did the District Court indicate it was required to impose a mandatory minimum sentence. In addition, the District Court fully acknowledged the jury's verdict, but ultimately found, by a preponderance of the evidence, that Contreras's conduct involved 120 kilograms of cocaine. Accordingly, the District Court did not err in sentencing Contreras based on the drug quantity it found by a preponderance of the evidence notwithstanding the jury's verdict.

## II. Adolfo Paulino

Paulino contends that (1) the District Court erred in refusing to award him a reduction for a mitigating role and (2) his sentence is substantively unreasonable in light of his role and characteristics and the sentences of co-defendants. We reject both arguments.

### A. Mitigating Role Adjustment

Paulino argues that the District Court erred by refusing to grant him a mitigating role reduction under § 3B1.2 of the Sentencing Guidelines. We review a district court's factual findings with respect to denial of a mitigating role adjustment for clear error and its legal conclusions *de novo*. *See United States v. Ravelo*, 370 F.3d 266, 269 (2d Cir. 2004).

Paulino argues that the District Court's determinations that he "was responsible for making arrangements with the undercover agent to pick up the cocaine and spoke to him a number of times" and that Paulino "directed" Contreras's actions were clearly erroneous. Paulino further argues that he was entitled to a mitigating role adjustment because he was among the least culpable members of the conspiracy, had no possessory interest in the drugs nor authority over co-conspirators, and was merely an "expendable pawn" or "convenient patsy" following orders without knowledge of the nature and scope of the enterprise.

We cannot say the District Court's factual findings are clearly erroneous. The record reflects that Paulino spoke with an undercover agent by cellphone to coordinate their meeting in the parking lot, whereupon they spoke again and Paulino obtained keys to the car containing cocaine. The record also reflects that Paulino "directed" Contreras's actions on that day.

Moreover, the District Court did not err in denying Paulino a role adjustment. Such an adjustment is not available merely "because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' or 'minimal' as compared to the average participant in such a crime." *United States v. Carpenter*, 252 F.3d 230, 235 (2d Cir. 2001) (quoting *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir. 1999) (per curiam)). Nor is an adjustment available automatically because of the defendant's "courier status." *See, e.g.*, *United States v. Shonubi*, 998 F.2d 84, 90-91 (2d Cir. 1993); *United States v. Garcia*, 920 F.2d 153, 155 (2d Cir. 1990) (per curiam). Nor does Paulino's argument that he "was only following orders" entitle him to a role reduction. *See Ravelo*, 370 F.3d at 270. In addition, the District Court "is not bound to accept defendant's self-serving characterizations of his role in [the] offense." *Shonubi*, 998 F.2d at 90. We see no error in the District Court's determination that Paulino, who was twice entrusted with the task of retrieving a large quantity of cocaine, was not entitled to a mitigating role adjustment. *See id.* at 90-91.

B. *Substantive Reasonableness*

Paulino also argues that his sentence is substantively unreasonable because the District Court "relied too heavily on the recommended sentencing range and unreasonably placed too little significance on the other factors listed under [18 U.S.C.] § 3553(a)." We review a sentence's substantive reasonableness "under an abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). That we might find a different sentence "appropriate is insufficient to justify reversal of the district court." *Id.*

The District Court imposed a sentence of 108 months' imprisonment – the bottom of the Guidelines range – after considering all relevant section 3553(a) factors, including Paulino's role in the offense and personal characteristics. Paulino's claim that the District Court failed to take

6

into account the lesser sentences imposed upon his co-defendants is unavailing. *See United States v. Johnson*, 505 F.3d 120, 124 (2d Cir. 2007). Although a district court may consider "similarities and differences among co-defendants when imposing a sentence," because "the primary purpose" of section 3553(a)(6) "was to minimize nationwide disparities," section 3553(a) "does not require district courts to consider sentencing disparity among co-defendants." *United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007) (internal quotation marks omitted). And although "'we may remand cases where a defendant credibly argues that the disparity in sentences has no stated or apparent explanation,'" *United States v. Elfgeeh*, 515 F.3d 100, 139 (2d Cir. 2008) (quoting *United States v. Ebbers*, 458 F.3d 110, 129 (2d Cir. 2006), *cert. denied*, 127 S. Ct. 1483 (2007)), we see no such disparity here. The government points out that Oscar Gonzalez and Carlos Aquino cooperated. They are, therefore, not similarly situated. *See Ebbers*, 458 F.3d at 129; *see also Gall*, 128 S. Ct. at 600. Nor can Paulino rely on the government's failure to prosecute Oswaldo Vargas (a.k.a. Chibo), the apparent head of the conspiracy. The District Court must consider "disparities among *defendants* with similar records *who have been found guilty* of similar conduct." *See* 18 U.S.C. § 3553(a)(6) (emphasis added); *cf. United States v. Mejia*, 461 F.3d 158, 162 (2d Cir. 2006) (noting that "disparities created by the exercise of prosecutorial discretion are not 'unwarranted'"). To the extent Paulino complains that the District Court placed inadequate significance on this factor, this "is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir.), *cert. denied*, 127 S. Ct. 192 (2006). Under the circumstances, we conclude that Paulino's sentence falls within the broad range of reasonable sentences that the District Court could have imposed.

For these reasons, we AFFIRM the judgments of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

By: *Lucille Carr*

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by

DEPUTY CLERK

7

06-0216-cr(L)
USA v. Gonzalez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of April, two thousand and eight.

PRESENT:

HON. JOSEPH M. McLAUGHLIN,
HON. CHESTER J. STRAUB,
HON. ROSEMARY S. POOLER,
*Circuit Judges.*



---

United States of America,

*Appellee,*

v.                              Nos. 06-0216-cr(L), 06-1899-cr(CON)

Oscar Gonzalez, Hugo Jorge,

*Defendants,*

Jesus Contreras, Adolfo Paulino,

*Defendants-Appellants.*

---

FRANCIS L. O'REILLY, O'Reilly and Shaw, Fairfield, CT, *for Defendant-Appellant Jesus Contreras.*

1

THE MANDATE, CONSISTING OF ITEMS BELOW, HAS BEEN RECEIVED.
( ) OPINION ( ) STATEMENT OF COSTS
( ) ORDER

RECEIVED BY: _____ DATE _____